# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIRZA GOGOCHURI,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 26-4421** |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal** | : | |
| **Detention Center, Philadelphia,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 1st day of July 2026, upon consideration of Mirza Gogochuri's

("Petitioner"), *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), and Respondents'

response in opposition,[1] (ECF 3), it is hereby **ORDERED** that, for the reasons set forth in the

footnote, the Petition for a writ of *habeas corpus* is **GRANTED**,[2] as follows:

---

[1]     Petitioner named as Respondents the following individuals and agencies, *to wit*:  J.L. Jamison, Waren of the Philadelphia Federal Detention Center, (the "FDC"); John Rife, Acting Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security, ("DHS"); Todd Blanche, Acting Attorney General of the United States; DHS; and the Executive Office for Immigration Review, ("EOIR").  (ECF 1).

[2]     Petitioner is a native of Georgia who is alleged to have entered the United States at the U.S.-Mexico border on or about January 28, 2023.  (Pet., ECF 1 at ¶¶ 1, 17).  According to Petitioner, upon encountering DHS officers shortly after entering the country, he was detained and processed and removal proceedings were initiated against him through the issuance of a Notice to Appear dated February 2, 2023.  (*Id.* at ¶ 18). Petitioner was then released on an order of recognizance to live to in Philadelphia, Pennsylvania.  (*Id.*). Petitioner avers that he has established community in Philadelphia, complied with all the conditions of his removal proceedings and immigration release, attended each hearing and checked in with the United States Immigration and Customs Enforcement, ("ICE"), at each scheduled appointment, and timely filed an asylum application on or about August 21, 2023.  (*Id.* at ¶ 19).  His next scheduled immigration hearing is for January, 25, 2027, at the Philadelphia Immigration Court.  (*Id*.).  On or about June 24, 2026, when Petitioner attended a regularly scheduled ICE check-in, he was detained by ICE in Philadelphia, without an opportunity to contest his detention.  (*Id.* at ¶ 20).  Petitioner was detained at the FDC.  (*Id.* at ¶ 2).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing in which the Government bears the burden to justify Petitioner's continued detention.  Petitioner also requests the return of his personal property, including identification and documents.  (*Id.* at p. 18).  Petitioner further argues that his detention violates the Immigration Nationality Act, ("INA"), his rights under the Fifth Amendment Due Process Clause of the

United States Constitution, and the Administrative Procedures Act, ("APA").  In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process.  Each argument is addressed in turn.

As noted, Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who have already entered and were residing in the United States at the time they were apprehended.  Rather, Petitioner argues, individuals such as him are subject to § 1226(a).  In its response, the Government reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected.  Specifically, the Government argues that as Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that his detention under Section 1225(b)(2) is lawful.

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).  The Court further finds that DHS' present authority to detain Petitioner lies at best, within § 1226(a), because he is a noncitizen who was paroled into the country without immigrant status.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").  As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA.  *See id.*

Petitioner further argues that his detention violates procedural due process because it was imposed without notice, hearing, and any individualized determination; and substantive due process because it was imposed without statutory authorization and individualized justification.  As counter, the Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose."  *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified).  The Supreme Court has recognized presumptive limitations on the length of immigration detention in inapposite contexts.  *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention).  Here, the Government's proffered justification for Petitioner detention is unpersuasive.  The record evidences Petitioner's years of compliance with immigration authorities.  The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Petitioner's detention appears to bear no impact on the Government's ability to remove him.  Accordingly, his detention violates substantive due process.

As to procedural due process, the Court applies the *Mathews v. Eldrige* balancing test.  424 U.S. 319, 335 (1976).  The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty.  The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived.  Nothing in the record suggests that Petitioner's continued compliance with immigration authorities requires his detention.  Finally, considering the Government's interest, the Court finds that the function and burden—if any exist—on the Government to provide Petitioner with due process come nowhere near so weighty as to justify the current intrusion on his rights.  On balance, the *Mathews* factors

1.  The Government's mandatory detention of Petitioner Mirza Gogochuri under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  Because Petitioner Mirza Gogochuri is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** transferred and transported from the Moshannon Valley Processing Center to the Federal Detention Center in Philadelphia, Pennsylvania and, upon his arrival, he is to be immediately released therefrom;[3]

---

lead this Court to find that the Government's failure to afford Petitioner with any form of due process in effectuating his detention violates procedural due process.

Finally, Petitioner argues that he is aggrieved under the APA by the Government's arbitrary detention of him without any indication that his circumstances have changed such that he is now a danger or flight risk. Because this Court finds that Petitioner's detention violates the INA and due process, this Court need not and will not reach Petitioner's APA argument.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody or, alternatively, an order requiring a bond hearing. Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release. Given that Petitioner's request for immediate release is granted, the Court declines to consider his request for a ruling setting aside the Government's policy as outside the bounds of the ordered *habeas* relief.

[3]    By Order dated June 30, 2026, (ECF 2), this Court instructed, *inter alia*, that the Government not move or remove Petitioner outside of the City of Philadelphia or the Federal Detention Center in Philadelphia during the pendency of this matter. Petitioner brought to the Court's attention the ICE detainee locator search results in his Petition, reflecting his detainment in the Philadelphia Federal Detention Center as of June 26, 2026. (*See* Screenshot of Federal Bureau of Prisons Inmate, ECF 1-3). As of the date of this Order, a search of the ICE detainee locator shows that Petitioner is today detained at the Moshannon Valley Ice Processing Center in Clearfield County, Pennsylvania, apparently, contrary to this Court's June 30, 2026 Order. Accordingly, the Court takes judicial notice of that fact. *See Vanderklok v. United States*, 868 F.3d 189, 205 n. 16 (3d Cir. 2017) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of ... information ... made publicly available by government entities[.]"). Thus, the Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Moshannon Valley Processing Center.

3

3. The Government is further directed to return to Petitioner Mirza Gogochuri any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on June 24, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on July 2, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

4